Martha C. FRERICH, et al., Appellants,

v.

FARMERS INSURANCE GROUP, Respondent.

No. C1–84–1652.

Court of Appeals of Minnesota.

Feb. 5, 1985.

Mark L. Pfister, Arndt, Benton, Plagens & Pfister, P.A., Minneapolis, for appellants.

Jeanne H. Unger, Gary F. Albrecht, Rider, Bennett, Egan & Arundel, Minneapolis, for respondent.

Heard, considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

POPOVICH, Chief Judge.

Appellants sought reformation of their automobile insurance policy claiming respondent did not make underinsured motorist coverage available to them in violation of Minn.Stat. § 65B.25 (1971). Respondent moved for summary judgment. The trial court found respondent complied with the notice requirement of Minn.Stat. § 65B.25 (1971) and granted summary judgment. We affirm.

## FACTS

Appellants purchased an automobile liability policy from respondent sometime before 1972. Beginning January 1, 1972, companies issuing automobile liability insurance were required to make underinsured motorist coverage available to their customers. *See* Minn.Stat. § 65B.26(d) (1971). Approximately October 1972, respondent mailed a notification of availability of underinsured motorist coverage to appellants. Appellants do not contest the adequacy of the particular mailer sent by respondent. Respondent, however, did not reoffer this coverage in later policy renewals in 1973 and 1974.

On August 6, 1974, appellant Martha Frerich was injured when her car was struck by another car driven by Herbert Packer. Packer's car was insured by a different company under a $25,000 liability policy, which was paid. Appellants then sued respondent seeking reformation of their insurance policy to include underinsured motorist coverage. On October 17, 1983, respondent moved for summary judgment claiming they were required only to make a single offer of underinsured motorist coverage. The trial court found respondent's mailer of October 1972 satisfied the statutory requirement of Minn.Stat. § 65B.25 (1971) and granted summary judgment. Appellants appeal from the summary judgment entered June 18, 1984.

## ISSUE

Did Minn.Stat. § 65B.25 (1971) require the insurer to send notice of the availability of underinsured motorist coverage each time an automobile liability policy was renewed?

## ANALYSIS

1. Appellants claim an insurer was required to provide notice of the availability of underinsured motorist coverage each time the policy was renewed. Since respondent did not provide this notice when appellants' policy was renewed in 1973 and 1974, appellants claim they are entitled to reformation of the policy to include underinsured motorist coverage. *See Holman v. All Nation Insurance Company*, 288 N.W.2d 244, 250 (Minn.1980).

Minn.Stat. § 65B.25 (1971) states:

No automobile liability or motor vehicle liability policy of insurance shall be renewed, issued, or delivered in this state with respect to any automobile registered or principally garaged in this state unless coverages are made available to the named insured therein or supplemental thereto as set forth in section 65B.26 * * *.

*Id.*

The identical issue was raised before the Minnesota Supreme Court. *See* Appellant's Brief at 14–18 in *Jacobson v. Illinois Farmers Insurance Company,* 264 N.W.2d 804 (Minn.1978). In *Jacobson,* the notice of the availability of underinsured motorist coverage "was enclosed on a one-time basis with regular premium notices mailed out to policyholders after June 1, 1972." 264 N.W.2d at 805. Although the accident in *Jacobson* occurred in 1974, the Minnesota Supreme Court held the insurance company's notice satisfied the requirements of Minn.Stat. § 65B.25 (1971). 264 N.W.2d at 808. Although the *Jacobson* court did not discuss the issue in its opinion, they could not have held the mailing in *Jacobson* was sufficient without a sub silentio conclusion one-time notice was sufficient.

Additionally, a letter from Thomas Hunt, Commissioner of Insurance for the State of Minnesota, to All Licensed Automobile Liability Insurers dated July 30, 1970 stated that the "renewed, issued, or delivered" language does not require optional coverages to be offered at each renewal. The legislature's enactment of legislation subsequent to a Commission interpretation constitutes adoption of the interpretation. *See Nelson v. National Biscuit Company,* 300 Minn. 46, 51, 217 N.W.2d 734, 736–37 (1974).

2. Appellants' reliance on *Maher v. All Nation Insurance Company,* 340 N.W.2d 675 (Minn.Ct.App.1983), *pet. for rev. denied,* (Minn. Apr. 25, 1984), is also misplaced. *Maher* held an insurer's 1972 notice of availability of underinsured motorist coverage was not sufficient to fulfill the mandatory offer of underinsured motorist coverage required by Minn.Stat. § 65B.49, subd. 6. 340 N.W.2d at 679. The *Maher* court's rationale was that a notice sent in 1972 could not satisfy the requirements of a statute that was not enacted until 1974. *See id.* at 678–79. If the offer in *Maher* had been made before the effective date of the no-fault act, but in response to the act, the court may have reached a different conclusion. *See id.* at 679.

## DECISION

Minn.Stat. § 65B.25 (1971) did not require insurers to provide notice of the availability of underinsured motorist coverage with each annual policy renewal. Respondent's 1972 mailing satisfied the notice requirements of section 65B.25.

Affirmed.